JACKSON, . . . . . . . . . . . . APRIL TERM, 1878.

NICHOLSON v. THE STATE.

CRIMINAL LAW.   *Misdemeanor.   Attempted felony.*   An attempt to com-
mit a felony, as larceny, is, at common law, punishable as a misde-
meanor.
Code cited:  Section 4630.

FROM SHELBY.

Appeal from the Criminal Court.    T. H. LOGWOOD,
Judge.

J. G. CROOKHAM  for  plaintiff.

ATTORNEY-GENERAL HEISKELL  for  the  State.

FREEMAN, J., delivered the opinion of the court.

This is an indictment for attempting to steal from
the kitchen of one McDowell.    The defendant was
convicted of a misdemeanor, and was fined ten dollars
by the court below.    The facts are, that late in the
evening, the kitchen window being open, defendant
entered at the window, but happened to be seen by
some one on the premises, who notified McDowell of the
fact.    McDowell started immediately to the kitchen,
through his dwelling-house;  as he got to the kitchen,
defendant leaped out of the window and fled, was pur-
sued some distance and caught;  denies that he was

in the house for purposes of theft, and did not in fact take or disturb anything. It is now insisted that no felony is shown or attempt to commit one; that section 4630, providing for punishment as felonies attempts to commit felonies, had been held by this court to apply to cases of felonies attempted on the person, and did not include attempts to commit offenses against property. Such was the holding of this court in the case of *State* v. *Jones,* December term, 1871. If we adhere to that holding, the party cannot be held liable under this section, nor be convicted of a felony. But he was only convicted of a misdemeanor. The attempt to commit a felony, was and is a misdemeanor at common law, and even the *attempt* to commit a misdemeanor has been held in many cases a misdemeanor. See Russell Cr. Law, vol. 1, p. 46, and notes. This being so, treating the indictment as charging such an attempt, it would sufficiently charge the misdemeanor with which he is convicted. The jury have found the attempt was to steal, and we cannot say they are not correct. Entering at the window instead of the door, indicates anything but an honest purpose; the hasty and rapid flight on the approach of McDowell, strengthens and confirms this view to such an extent, that we do not feel authorized to say the jury have not correctly reasoned from the testimony, as to the intention of the defendant.

Let the judgment be affirmed.